JOEL D. WALLACE AND GEREAN WALLACE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wallace v. Commissioner
Docket No. 16071-79.
United States Tax Court
T.C. Memo 1984-277; 1984 Tax Ct. Memo LEXIS 398; 48 T.C.M. (CCH) 157; T.C.M. (RIA) 84277; May 23, 1984. Joel D. Wallace, pro se. Helen T. Repsis and Val Albright, for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: Respondent determined a deficiency in the amount of $2,691.38 in petitioners' 1975 Federal income tax. After concessions by petitioners, the only issue for decision in this fully stipulated case is whether legal fees in the amount of $5,400, incurred by petitioners in an attempt to prevent the Federal Government's condemnation of property owned by them, are currently deductible expenses under section 212. [1]
*399 At the time they filed their petition in this case, petitioners resided in Heber Springs, Arkansas. Petitioners filed a joint Federal income tax return for 1975, the year at issue. In 1950, petitioners purchased 187.63 acres of land (the property) in Stone County, Arkansas for a price of $6,500. In January 1972, the United States instituted condemnation proceedings with respect to the property. On June 10, 1972, petitioners purchased 310 acres for a price of $35,737 to replace the condemned property. On August 4, 1975, a final judgment was entered vesting title to the condemned property in the United States; petitioners were awarded $37,600 as "just compensation" for the condemnation. Petitioners incurred legal fees in the amount of $7,258.44 in their efforts both to prevent the condemnation and to litigate the amount of the condemnation award. Of this total, $5,400 is allocable to petitioners' attempts to prevent the condemnation. On their 1975 Federal income tax return, petitioners reported no gain as a result of the condemnation of the property. In a "Statement of Itemized Deductions" attached to their 1975 Form 1040, petitioners deducted $7,258.44, the entire amount *400 of attorneys' fees incurred in connection with the condemnation. In the notice of deficiency, respondent disallowed this deduction in its entirety. Section 212(2) allows as a deduction "all the ordinary and necessary expenses paid or incurred during the taxable year * * * for the management, conservation, or maintenance of property held for the production of income." [2] The parties agree that the condemned property qualifies as "property held for the production of income." The only issue in dispute is whether the portion of the attorneys' fees incurred by petitioners in their efforts to prevent the condemnation are "ordinary" in nature and thus currently deductible under section 212, or whether they are capital expenditures which, under section 263, are not currently deductible. [3]
*401 Petitioners contend that the decision in Reakirt v. Commissioner,29 B.T.A. 1296 (1934), affd. per curiam, 84 F.2d 996 (6th Cir. 1936), is controlling in the instant case. In Reakirt, the Board of Tax Appeals allowed a current business expense deduction for attorneys' fees incurred in the taxpayer's successful suit to enjoin an attempt by the City of Cincinnati to condemn the taxpayer's property. The Board held that the attorneys' fees incurred were necessary to the maintenance and protection of property used in the taxpayer's business, and were directly related and incident to his real estate business. On that ground, the Board held that the attorneys' fees constituted a proper deduction from income. We do not agree, however, that Reakirt is controlling in the circumstances of the instant case. Since Reakirt was decided, the courts have adopted the "origin and character of the claim" test [4] in determining the deductibility under section 212 of attorneys' fees incurred in connection with condemnation proceedings. This test has been applied by the Court of Appeals for the Ninth Circuit in Madden v. Commissioner,514 F.2d 1149, 1151 (9th Cir. 1975), *402 revg. 57 T.C. 513 (1972), with the result that legal fees incurred by the taxpayers in that case to contest the condemnation of their property were held to be capital in nature because they were incurred incident to the disposition of land, a capital asset. Focusing on the nature of a condemnation proceeding, the Court stated the following (514 F.2d at 1151): In looking to the origin and character of the litigation, however, we are compelled to treat the legal expenses as capital in nature. The underlying lawsuit did not arise out of taxpayers' business, but out of the need of a governmental agency for taxpayers' land. * * * The government was attempting to appropriate taxpayers' land and taxpayers were resisting that attempt. Such a controversy is inherently related to the sale and acquisition of land, even though the ultimate sale, if one is made, is a forced sale. * * * [Fn. ref. omitted.] In Soelling v. Commissioner,70 T.C. 1052, 1056, n. 3 (1978), *403 we stated that we would no longer follow our opinions in Madden v. Commissioner,supra, and Reakirt v. Commissioner,supra, and would comport with the Ninth Circuit's decision in Madden.In deciding Soelling, we applied the "origin and character of the claim" test in a situation in which the taxpayer incurred attorneys' fees and other professional fees in connection with the condemnation of property which he owned. In the circumstances of that case, we held that such amounts were not currently deductible under section 212, but rather, they were capital in nature, incurred incident to the disposition of a capital asset. See also Iske v. Commissioner,T.C. Memo. 1980-61, affd. in an unpublished opinion 636 F.2d 1225 (8th Cir. 1980). We do not see anything that would distinguish the instant case from the facts in Madden and Soelling. In this situation, the legal fees were incurred incident to the disposition, albeit a forced one, of petitioners' property, a capital asset in their hands. As such, the legal fees constitute nondeductible capital expenditures under section 263. To reflect the foregoing, *404 Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. SEC. 212. EXPENSES FOR PRODUCTION OF INCOME. In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year-- (2) for the management, conservation, or maintenance of property held for the production of income * * * ↩
3. Petitioners concede that the amount of $1,858.44, the portion of the legal fees incurred in obtaining the condemnation award, is not currently deductible. This portion of the legal fees is set off against the award in determining the amount realized on conversion. See Rev. Rul. 71-476, 1971-2 C.B. 308↩.
4. As set forth by the Supreme Court in Woodward v. Commissioner,397 U.S. 572, 577 (1970), and its companion case, United States v. Hilton Hotels Corp.,397 U.S. 580↩ (1970).